1  Karen Vogel Weil (SBN 145,066)
   kweil@kmob.com
2  Brian C. Horne (SBN 205,621)
   bhorne@kmob.com
3  Jonathan A. Hyman (SBN 212,264)
   jhyman@kmob.com
4  Reza Mirzaie (SBN 246,953)
   rmirzaie@kmob.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
   1901 Avenue of the Stars, Suite 1500
6  Los Angeles, CA  90067
   Telephone: (310) 551-3450
7  Facsimile: (310) 551-3458

8  Attorneys for Plaintiff,
   JELLY BELLY CANDY COMPANY
9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  JELLY BELLY CANDY COMPANY, a          )   Civil Action No.
    California corporation,                )
14                                         )   **COMPLAINT FOR TRADEMARK**
                   Plaintiff,              )   **INFRINGEMENT; FALSE**
15                                         )   **DESIGNATIONS OF ORIGIN,**
             v.                            )   **UNFAIR COMPETITION, AND**
16                                         )   **TRADE DRESS INFRINGEMENT;**
    ARAN CANDY LTD., an Irish corporation, )   **TRADEMARK AND TRADE**
17  SWEETSTALL.COM LTD., a British         )   **DRESS DILUTION; TRADEMARK**
    corporation, and DOES 1 through 100,   )   **AND TRADE DRESS**
18  inclusive                             )   **INFRINGEMENT; FALSE OR**
                                           )   **MISLEADING STATEMENTS;**
19                 Defendants.             )   **AND TRADEMARK DILUTION**
                                           )
20                                         )
                                           )
21                                         )   **DEMAND FOR JURY TRIAL**
                                           )
22                                         )

23

24

25

26

27

28

[COMPLAINT]                                Jelly Belly Candy Co.  v. Aran Candy, Ltd., et al.

1    Plaintiff Jelly Belly Candy Company ("Jelly Belly"), by and through its undersigned

2    counsel, hereby makes and files this Complaint against Defendants Aran Candy Ltd.

3    ("Aran"), Sweetstall.com Ltd. ("Sweetstall"), and DOES 1 through 100, inclusive

4    (collectively "Defendants").

5    **JURISDICTION AND VENUE**

6    1.    This is an action for trademark infringement in violation of Section 32(1) of

7    the Trademark Act of 1946, 15 U.S.C. §1051, *et seq.*, as amended (hereinafter referred to as

8    the "Lanham Act"), 15 U.S.C. §1114(1); unfair competition, false designations of origin, and

9    trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

10   trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c);

11   trademark and trade dress infringement in violation of California Business & Professions

12   Code §14335 and California common law; unfair competition in violation of California

13   Business & Professions Code §17200 and California common law; false or misleading

14   statements in violation of California Business & Professions Code §17500; and trademark

15   dilution in violation of California Business & Professions Code §14330 and California

16   common law.  Plaintiff seeks equitable relief and damages in an amount to be determined

17   according to proof at trial.

18   2.    This Court has jurisdiction over the subject matter of the federal claims

19   pursuant to 28 U.S.C. §§1331 and 1338 and 15 U.S.C. §1121.  This Court has jurisdiction

20   over the remaining claims under 28 U.S.C. §1367(a).

21   3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

22   **PARTIES**

23   4.    Jelly Belly is a corporation organized and existing under the laws of the State

24   of California, having its principal place of business at One Jelly Belly Lane, Fairfield,

25   California 94533.  Jelly Belly produces, distributes, and sells gourmet jelly beans and other

26   premium candy.

27   / / /

28   / / /

5.      Upon information and belief, Aran is a corporation organized and existing under the laws of Ireland, having its principal place of business at Hexagon Buildings, IDA Business and Technology Park, Snugborough Road, Blanchardstown, Dublin 15, Ireland.

6.      Upon information and belief, Aran has committed the acts complained of herein in this Judicial District.  Aran is doing business within the Northern District of California over the internet by, *inter alia*, maintaining a website with a link that allows consumers in this Judicial District and elsewhere to purchase Aran's jelly bean products.

7.      Upon information and belief, Sweetstall is a corporation organized and existing under the laws of Britain, having a principal place of business at Unit 9, 572 Ipswich Road, Colchester, Essex, CO4 9HB.

8.      Upon information and belief, Sweetstall has committed the acts complained of herein in this Judicial District, and is doing business within the Northern District of California by, *inter alia*, maintaining a website that allows customers in this Judicial District and elsewhere to purchase Aran's jelly bean products.

9.      Plaintiff does not know the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

10.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## **FACTS**

11.      Jelly Belly advertises, markets, manufactures, and sells gourmet jelly beans and other premium branded candy throughout the United States and internationally under the trademark JELLY BELLY®.

12.      Since 1976, and prior to Defendants' acts complained of herein, Jelly Belly has continuously and extensively used a distinctive logo (the "JELLY BELLY Logo") in

1    interstate and international commerce in connection with its products.  Based on this

2    widespread use, Jelly Belly has established substantial goodwill in the JELLY BELLY Logo,

3    and the JELLY BELLY Logo has acquired and continues to have secondary meaning.  Due to

4    the foregoing, Jelly Belly has obtained common law trademark rights in the JELLY BELLY

5    Logo.

6            13.    In addition, Jelly Belly owns federal trademark registrations for the JELLY

7    BELLY Logo.  Specifically, Jelly Belly owns U.S. Registration Number 1,203,786 for the

8    mark JELLY BELLY and Design, which issued on August 3, 1982.  Jelly Belly has complied

9    with the requirements of 15 U.S.C. §1065 and, as a result, this registration has become

10   incontestable.  A true and correct copy of this registration is attached hereto as Ex. 1.

11           14.    Jelly Belly also owns U.S. Registration Number 1,232,091 for the mark

12   JELLY BELLY and Design, which issued on March 22, 1983.  Jelly Belly has complied with

13   the requirements of 15 U.S.C. §1065 and, as a result, this registration has become

14   incontestable.  A true and correct copy of this registration is attached hereto as Ex. 2.

15           15.    Jelly Belly also owns U.S. Registration Number 2,836,178 for the mark

16   JELLY BELLY and Design, which issued on August 27, 2004.  A true and correct copy of

17   this registration is attached hereto as Ex. 3.

18           16.    Jelly Belly also owns California Trademark Registration Number 62,724 for

19   the mark JELLY BELLY and Design, which issued on January 5, 1981 and which has been

20   renewed to January 5, 2011.  A true and correct copy of the renewal certificate is attached

21   hereto as Ex. 4.

22           17.    The JELLY BELLY Logo is widely recognized throughout the United States

23   and California, and is a famous mark within the meaning of Section 43(c) of the Lanham Act,

24   15 U.S.C. §1125(c) as well as Cal. Bus. & Prof. Code § 14330.

25           18.    Since at least 1982, and prior to Defendants' acts complained of herein, Jelly

26   Belly has continuously and extensively used distinctively styled menus ("JELLY BELLY

27   Menu") in interstate and international commerce in connection with its jelly beans.  Based on

28   this widespread use, Jelly Belly has established substantial goodwill in the overall appearance

of the JELLY BELLY Menu, and the overall appearance of the JELLY BELLY Menu has acquired and continues to have secondary meaning.  The overall appearance of the JELLY BELLY Menu is nonfunctional.  Due to the foregoing, Jelly Belly has obtained common law trademark rights in the overall appearance of the JELLY BELLY Menu.  An example of a JELLY BELLY Menu is attached hereto as Ex. 5.

19.    Prior to Defendants' acts complained of herein, Jelly Belly has continuously and extensively used distinctive names, including but not limited to BUTTERED POPCORN, CRUSHED PINEAPPLE, ISLAND PUNCH, SIZZLING CINNAMON, and TOASTED MARSHMALLOW (collectively "JELLY BELLY Flavor Names") in connection with its jelly beans.  Jelly Belly has used the name BUTTERED POPCORN since at least 1989, CRUSHED PINEAPPLE since at least 1995, ISLAND PUNCH since at least 1988, SIZZLING CINNAMON since at least 1993 and TOASTED MARSHMALLOW since at least 1988.  Based on this widespread use, Jelly Belly has established substantial goodwill in each of the JELLY BELLY Flavor Names, and each of the JELLY BELLY Flavor Names have acquired and continue to have secondary meaning.  Due to the foregoing, Jelly Belly has obtained common law trademark rights in each of the JELLY BELLY Flavor Names.

20.    Since 1981, and prior to Defendants' acts complained of herein, Jelly Belly's jelly beans ("JELLY BELLY Beans") have had the following characteristics:  (1) they are a smaller size compared to traditional jelly beans; (2) they have a "kidney bean" shape; (3) there is a speckled color pattern on a significant portion of beans in any given package; and (4) they come in a wide variety of fanciful and gourmet flavors.

21.    Since at least 1983, and prior to Defendants' acts complained of herein, Jelly Belly has used a "humanized jelly bean character" on its packaging, advertising, and point of sale material ("JELLY BELLY Humanized Jelly Bean Character").  Jelly Belly also owns U.S. Registration Number 1,337,901 for the JELLY BELLY Humanized Jelly Bean Character, which issued on May 28, 1985.  Jelly Belly has complied with the requirements of 15 U.S.C. §1065 and, as a result, this registration has become incontestable.  A true and correct copy of this registration is attached hereto as Ex. 6.

22.    The JELLY BELLY Humanized Jelly Bean Character is widely recognized throughout the United States and California and is a famous mark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c) as well as Cal. Bus. & Prof. Code § 14330.

23.    Since at least 1985, and prior to Defendants' acts complained of herein, Jelly Belly has continuously and extensively used a distinctive nonfunctional trade dress ("JELLY BELLY Trade Dress") in commerce in connection with its jelly beans.  That trade dress consists of any combination of two or more of the following:  (1) JELLY BELLY Beans; (2) JELLY BELLY Menus; (3) JELLY BELLY Flavor Names; (4) a humanized jelly bean character; and (5) JELLY BELLY Logo.  Based on this widespread use, Jelly Belly has established substantial goodwill in the JELLY BELLY Trade Dress, and the JELLY BELLY Trade Dress has acquired and continues to have secondary meaning.  Due to the foregoing, Jelly Belly has acquired common law rights in the JELLY BELLY Trade Dress.

24.    Upon information and belief, Defendants sell and distribute jelly beans and other candies in this Judicial District and elsewhere.

25.    Upon information and belief, Defendants have sold and are selling jelly beans with at least the following characteristics:  (1) they are virtually the same size as Jelly Belly's jelly beans; (2) they have virtually the same shape as Jelly Belly's jelly beans; (3) they have virtually the same speckled color pattern as used by Jelly Belly on a significant portion of beans in any given package; and (4) they come in a wide variety of fanciful and gourmet flavors, including virtually the same flavors sold by Jelly Belly.

26.    Upon information and belief, Defendants have used and are using a logo that is confusingly similar to the JELLY BELLY Logo and is likely to confuse consumers as to the relationship or origin of Jelly Belly's and Defendants' goods.

27.    Upon information and belief, Defendants have used and are using menus on at least some of the packaging of the jelly bean products they sell.  The overall appearance of the menus used by Defendants are confusingly similar to the JELLY BELLY Menu and are

/ / /

1    likely to confuse consumers as to the relationship or origin of Jelly Belly's and Defendants'

2    goods.

3        28.    Upon information and belief, Defendants have used and are using the

4    following jelly bean names on at least the packaging of the jelly bean products they sell:

5    BUTTERED POPCORN, CRUSHED PINEAPPLE, ISLAND PUNCH, SIZZLING

6    CINNAMON, and TOASTED MARSHMALLOW.  Because these names are identical to the

7    JELLY BELLY Flavor Names, Defendants' use of each of these names is likely to confuse

8    consumers as to the relationship or origin of Jelly Belly's and Defendants' goods.

9        29.    Upon information and belief, Defendants have used and are using a humanized

10   jelly bean character on at least some of the packaging of the jelly bean products they sell.

11   The overall appearance of the humanized jelly bean character used by Defendants is

12   confusingly similar to the JELLY BELLY Humanized Jelly Bean Character and is likely to

13   confuse consumers as to the relationship or origin of Jelly Belly's and Defendants' goods.

14       30.    Defendants' combination of its jelly beans, its logo, its particular menus, its

15   flavor names, and its humanized jelly bean character is likely to confuse consumers as to the

16   relationship or origin of Jelly Belly's and Defendants' goods.

17       31.    Upon information and belief, Defendants advertise and sell jelly beans through

18   its active websites located at the domain names www.arancandy.com,

19   www.jellybeanfactory.com, and www.sweetstall.com.  Defendants' active websites include

20   information regarding Aran's jelly beans, as well as a purchase order form through which

21   consumers located throughout the United States, including California, may place orders to

22   purchase jelly beans.    For example, Defendants' active websites located at

23   www.arancandy.com and www.jellybeanfactory.com provide a link for consumers in the

24   United States to buy its jelly bean products.  This link connects consumers to a website

25   operated by Sweetstall, which offers delivery of the jelly bean products to consumers in

26   California.

27       32.    Upon information and belief, Defendants' active websites operate as a virtual

28   store located in California by soliciting sales and servicing individuals in California and are

1  used to interactively sell jelly beans and exchange information and data with consumers
2  located throughout the United States, including California.

3       33.    Upon information and belief, Defendants can receive and transmit data to
4  consumers located in California and throughout the United States as a result of their use of
5  the active websites located at the domain names www.arancandy.com,
6  www.jellybeanfactory.com, and www.sweetstall.com.  For example, consumers can email
7  Defendants via several electronic mail addresses including, but not limited
8  to, "info@arancandy.com" and "sally@sweetstall.com," which appear on Defendants' active
9  websites.  Defendants' active websites located at the domain names www.arancandy.com,
10  www.jellybeanfactory.com, and www.sweetstall.com further interact with consumers by
11  collecting information about visitors to the website.

12                           **COUNT ONE**
13                    **TRADEMARK INFRINGEMENT**
14        **IN VIOLATION OF SECTION 32(1) OF THE LANHAM ACT**

15       34.    Plaintiff incorporates herein and realleges, as if fully set forth in this
16  paragraph, the allegations of Paragraphs 1 through 33 above.

17       35.    This is a claim for infringement of federally registered trademarks and arises
18  under Section 32(1) of the Lanham Act, 15 U.S.C. §1114.

19       36.    Jelly Belly is informed and believes, and thereon alleges, that Defendants' use
20  of their jelly bean logo and humanized jelly bean character constitutes trademark
21  infringement of Jelly Belly's registrations for the JELLY BELLY Logo and JELLY BELLY
22  Humanized Jelly Bean Character under 15 U.S.C. §1114.

23       37.    Jelly Belly is informed and believes, and thereon alleges, that Defendants'
24  trademark infringement was and continues to be willful and intentional.

25       38.    Jelly Belly is informed and believes, and thereon alleges, that Defendants'
26  trademark infringement will continue unless enjoined by this Court.

27       39.    Jelly Belly is informed and believes, and thereon alleges, that Defendants have
28  derived and received, and will continue to derive and receive, gains, profits and advantages

1   from their trademark infringement in an amount that is not presently known to Jelly Belly.

2   By reason of the aforesaid acts, Jelly Belly has been damaged and is entitled to monetary

3   relief in an amount to be determined at trial.

4        40.    Because of Defendants' trademark infringement, Jelly Belly has suffered and

5   continues to suffer great and irreparable injury, for which Jelly Belly has no adequate remedy

6   at law.

7                                 **COUNT TWO**

8   **FALSE DESIGNATIONS OF ORIGIN, UNFAIR COMPETITION, AND TRADE**

9               **DRESS INFRINGEMENT IN VIOLATION OF**

10                  **SECTION 43(a) OF THE LANHAM ACT**

11        41.    Plaintiff incorporates herein and realleges, as if fully set forth in this

12   paragraph, the allegations of Paragraphs 1 through 40 above.

13        42.    This is a claim for unfair competition, false designation of origin, and trade

14   dress infringement and arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

15        43.    Jelly Belly is informed and believes, and thereon alleges, that Defendants'

16   acts, as complained of herein, constitute unfair competition, false designation of origin, and

17   trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

18        44.    Jelly Belly is informed and believes, and thereon alleges, that the aforesaid

19   acts of unfair competition, false designation of origin, and trade dress infringement were and

20   continue to be willful and intentional.

21        45.    Jelly Belly is informed and believes, and thereon alleges, that the aforesaid

22   acts of unfair competition, false designation of origin, and trade dress infringement will

23   continue unless enjoined by this Court.

24        46.    Jelly Belly is informed and believes, and thereon alleges, that Defendants have

25   derived and received, and will continue to derive and receive, gains, profits and advantages

26   from the aforesaid acts of unfair competition, false designation of origin, and trade dress

27   infringement in an amount that is not presently known to Jelly Belly.  By reason of the

28   / / /

1  aforesaid acts, Jelly Belly has been damaged and is entitled to monetary relief in an amount to

2  be determined at trial.

3      47.    Because of Defendants' acts of unfair competition, false designation of origin,

4  and trade dress infringement, Jelly Belly has suffered and continues to suffer great and

5  irreparable injury, for which Jelly Belly has no adequate remedy at law.

**COUNT THREE**

**TRADEMARK AND TRADE DRESS DILUTION IN VIOLATION OF**

**SECTION 43(c) OF THE LANHAM ACT**

9      48.    Plaintiff incorporates herein and realleges, as if fully set forth in this

10  paragraph, the allegations of Paragraphs 1 through 47 above.

11      49.    The JELLY BELLY Logo and JELLY BELLY Humanized Jelly Bean

12  Character became famous prior to Defendants' acts complained of herein.

13      50.    Defendants' acts complained of herein tarnish, diminish and dilute the

14  distinctive quality of the JELLY BELLY Logo and JELLY BELLY Humanized Jelly Bean

15  Character.

16      51.    Defendants' acts complained of herein have tarnished, diminished, and eroded

17  the goodwill Jelly Belly has long enjoyed in the JELLY BELLY Logo and JELLY BELLY

18  Humanized Jelly Bean Character.

19      52.    Jelly Belly is informed and believes, and thereon alleges, that the aforesaid

20  acts of dilution were and continue to be willful and intentional.

21      53.    Jelly Belly is informed and believes, and thereon alleges, that the aforesaid

22  acts of dilution will continue unless enjoined by this Court.

23      54.    Jelly Belly is informed and believes, and thereon alleges, that Defendants have

24  derived and received, and will continue to derive and receive, gains, profits and advantages

25  from the aforesaid acts of dilution in an amount that is not presently known to Jelly Belly.  By

26  reason of the aforesaid acts, Jelly Belly has been damaged and is entitled to monetary relief in

27  an amount to be determined at trial.

28  / / /

55.     Because of Defendants' acts of dilution, Jelly Belly has suffered and continues to suffer great and irreparable injury, for which Jelly Belly has no adequate remedy at law.

## COUNT FOUR

## TRADEMARK AND TRADE DRESS INFRINGEMENT

## UNDER CALIFORNIA LAW

56.     Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 through 55 above.

57.     This is a claim for trademark and trade dress infringement and arises under Cal. Bus. & Prof. Code §14335 and California common law.

58.     Jelly Belly is informed and believes, and thereon alleges, that Defendants' acts, as complained of herein, constitute infringement of Jelly Belly's trademark rights in the JELLY BELLY Logo and JELLY BELLY Humanized Jelly Bean Character under California statutory laws and common law, as the JELLY BELLY Logo and JELLY BELLY Humanized Jelly Bean Character are protected under the common law, and are registered under Title 15 of the United States Code and are thereby protectable against unauthorized use and infringement under the statutes of California, particularly under Cal. Bus. & Prof. Code §14335.

59.     Jelly Belly is informed and believes, and thereon alleges, that Defendants' acts, as complained of herein, constitute infringement of Jelly Belly's rights in the Jelly Belly Menu, each of the JELLY BELLY Flavor Names, JELLY BELLY Humanized Jelly Bean Character, and JELLY BELLY Trade Dress under California common law, as the Jelly Belly Menu, each of the JELLY BELLY Flavor Names, JELLY BELLY Humanized Jelly Bean Character, and JELLY BELLY Trade Dress are all valid at common law and are thereby protectable against unauthorized use and infringement under California common law.

60.     Jelly Belly is informed and believes, and thereon alleges, that Defendants' trademark and trade dress infringement was and continues to be willful and intentional.

61.     Jelly Belly is informed and believes, and thereon alleges, that Defendants' trademark and trade dress infringement will continue unless enjoined by this Court.

62.     Jelly Belly is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from their trademark and trade dress infringement in an amount that is not presently known to Jelly Belly.  By reason of the aforesaid acts, Jelly Belly has been damaged and is entitled to monetary relief in an amount to be determined at trial.

63.     Because of Defendants' trademark and trade dress infringement, Jelly Belly has suffered and continues to suffer great and irreparable injury, for which Jelly Belly has no adequate remedy at law.

## COUNT FIVE

## UNFAIR COMPETITION UNDER CALIFORNIA LAW

64.     Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 through 63 above.

65.     This is a claim for unfair competition and arises under Cal. Bus. & Prof. Code §17200, *et seq.* and California common law.

66.     Jelly Belly is informed and believes, and thereon alleges, that Defendants' acts, as complained of herein, constitute unfair competition under the common law and statutes of California, particularly under Cal. Bus. & Prof. Code §17200, *et seq*.

67.     Jelly Belly is informed and believes, and thereon alleges, that Defendants' acts of unfair competition were and continue to be willful and intentional.

68.     Jelly Belly is informed and believes, and thereon alleges, that Defendants' acts of unfair competition will continue unless enjoined by this Court.

69.     Jelly Belly is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from their acts of unfair competition in an amount that is not presently known to Jelly Belly. By reason of the aforesaid acts, Jelly Belly has been damaged and is entitled to monetary relief in an amount to be determined at trial.

/ / /

/ / /

70.    Because of Defendants' unfair competition, Jelly Belly has suffered and continues to suffer great and irreparable injury, for which Jelly Belly has no adequate remedy at law.

### COUNT SIX

### FALSE OR MISLEADING STATEMENTS UNDER CALIFORNIA LAW

71.    Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 through 70 above.

72.    This is a claim for false or misleading statements and arises under Cal. Bus. & Prof. Code §17500 and California common law.

73.    Jelly Belly is informed and believes, and thereon alleges, that Defendants' acts, as complained of herein, constitute false or misleading statements under the common law and statutes of California, particularly under Cal. Bus. & Prof. Code §17500.

74.    Jelly Belly is informed and believes, and thereon alleges, that Defendants' false or misleading statements were and continue to be willful and intentional.

75.    Jelly Belly is informed and believes, and thereon alleges, that Defendants' false or misleading statements will continue unless enjoined by this Court.

76.    Jelly Belly is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from their false or misleading statements in an amount that is not presently known to Jelly Belly.  By reason of the aforesaid acts, Jelly Belly has been damaged and is entitled to monetary relief in an amount to be determined at trial.

77.    Because of Defendants' false or misleading statements, Jelly Belly has suffered and continues to suffer great and irreparable injury, for which Jelly Belly has no adequate remedy at law.

### COUNT SEVEN

### TRADEMARK DILUTION UNDER CALIFORNIA LAW

78.    Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 through 77 above.

79.    This is a claim for trademark dilution arising under Cal. Bus. & Prof. Code §14330 and California common law.

80.    Defendants' use of the famous JELLY BELLY Logo and JELLY BELLY Humanized Jelly Bean Character has diluted the distinctive quality thereof, and such conduct is likely to further tarnish and dilute the JELLY BELLY Logo and JELLY BELLY Humanized Jelly Bean Character in violation of the common law and statutes of California, particularly under Cal. Bus. & Prof. Code §14330.

81.    Jelly Belly is informed and believes, and thereon alleges, that the aforesaid acts of dilution were and continue to be willful and intentional.

82.    Jelly Belly is informed and believes, and thereon alleges, that the aforesaid acts of dilution will continue unless enjoined by this Court.

83.    Jelly Belly is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of dilution in an amount that is not presently known to Jelly Belly.  By reason of the aforesaid acts, Jelly Belly has been damaged and is entitled to monetary relief in an amount to be determined at trial.

84.    Because of Defendants' acts of dilution, Jelly Belly has suffered and continues to suffer great and irreparable injury, for which Jelly Belly has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Jelly Belly prays for judgment in its favor against Defendants for the following relief:

A.    An Order adjudging Defendants to have infringed the JELLY BELLY Logo under 15 U.S.C. §1114;

B.    An Order adjudging Defendants to have infringed the JELLY BELLY Humanized Jelly Bean Character under 15 U.S.C. §1114;

C.    An Order adjudging Defendants to have engaged in unfair competition, false designation of origin, and trade dress infringement under 15 U.S.C. §1125(a);

/ / /

1  D.      An Order adjudging Defendants to have engaged in trademark dilution under
2  15 U.S.C. §1125(c);

3  E.      An Order adjudging Defendants to have infringed the JELLY BELLY Logo,
4  JELLY BELLY Menu, each of the JELLY BELLY Flavor Names, the JELLY
5  BELLY Humanized Jelly Bean Character, and JELLY BELLY Trade Dress under the
6  common law and statutes of California;

7  F.      An Order adjudging Defendants to have engaged in acts of unfair competition
8  under the common law and statutes of California;

9  G.      An Order adjudging Defendants to have made false or misleading statements
10  under the common law and statutes of California;

11  H.      An Order adjudging Defendants to have engaged in trademark dilution under
12  the common law and statutes of California;

13  I.      A preliminary and permanent injunction enjoining Defendants, their officers,
14  agents, servants, employees and attorneys, and those persons in active concert or
15  participation with Defendants, from directly or indirectly (a) infringing the JELLY
16  BELLY Logo and JELLY BELLY Humanized Jelly Bean Character in violation of
17  15 U.S.C. §1114, (b) engaging in acts of unfair competition, false designation of
18  origin, and trade dress infringement in violation of 15 U.S.C. §1125(a), (c) engaging
19  in acts of trademark dilution in violation of 15 U.S.C. §1125(c); (d) infringing the
20  JELLY BELLY Logo, JELLY BELLY Menu, any of the JELLY BELLY Flavor
21  Names, the JELLY BELLY Humanized Jelly Bean Character, and the JELLY
22  BELLY Trade Dress in violation of the common law and statutes of California, (e)
23  engaging in acts of unfair competition in violation of the common law and statutes of
24  California, (f) making false or misleading statements in violation of the common law
25  and statutes of California; and (g) engaging in acts of trademark dilution in violation
26  of the common law and statutes of California;

27  / / /
28  / / /

1    J.    That Defendants be required to account to Jelly Belly for any and all profits

2    derived by them, and all damages sustained by Jelly Belly by reason of Defendants'

3    acts complained of herein;

4    K.    That Defendants be ordered to pay to Jelly Belly all damages that Jelly Belly

5    has sustained as a consequence of the acts complained of herein, subject to proof at

6    trial, and that Jelly Belly be awarded Defendants' profits derived by reason of said

7    acts, or as determined by said accounting;

8    L.    That such damages and profits be trebled and awarded to Jelly Belly pursuant

9    to 15 U.S.C. §1117;

10    M.    That Jelly Belly be awarded its costs, attorney fees and expenses in this suit

11    under 15 U.S.C. §1117;

12    N.    That Jelly Belly recover exemplary damages pursuant to Cal. Civ. Code

13    §3294;

14    O.    An Order for the destruction of infringing articles under 15 U.S.C. §1118; and

15    P.    Such other and further relief as this Court may deem just and proper.

16

17    Respectfully submitted,

18    KNOBBE, MARTENS, OLSON & BEAR, LLP

19    Dated: 10/15/07                    By: Karen Vogel Weil

20    Karen Vogel Weil
      Brian C. Horne

21    Jonathan A. Hyman
      Reza Mirzaie

22

23    Attorneys for Plaintiff,
      JELLY BELLY CANDY COMPANY

24

25

26

27    4277896_2

28

1

## DEMAND FOR TRIAL BY JURY

2       Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby

3   demands trial by jury in this action for all issues so triable.

4                           Respectfully submitted,

5                           KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7   Dated: __10 /15 /07__        By: *Karen Vogel Weil*

8                               Karen Vogel Weil
                                Brian C. Horne
9                               Jonathan A. Hyman
                                Reza Mirzaie

10                              Attorneys for Plaintiff,
                                JELLY BELLY CANDY COMPANY

11

12

13   4374885
     100507
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[COMPLAINT]                    -16-              Jelly Belly Candy Co. v. Aran Candy, Ltd., et al.



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

March 08, 2005

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,203,786* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *August 03, 1982*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM  *August 03, 2002*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *JELLY BELLY CANDY COMPANY*
  *A CALIFORNIA CORPORATION*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

P. SWAIN
Certifying Officer

EXHIBIT 1
Page 1 of 2

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 1,203,786
Registered Aug. 3, 1982

### TRADEMARK
#### Principal Register



Herman Goelitz Candy Co., Inc. (California corporation), a.k.a. Herman Goelitz Inc.
947 - 61st St.
Oakland, Calif. 94608

For: CANDY—NAMELY, JELLY BEANS, in CLASS 30 (U.S. Cl. 46).

First use Jul. 15, 1976; in commerce Jul. 15, 1976.

Owner of U.S. Reg. No. 1,132,333.

Applicant disclaims the right to the exclusive use of the word "Jelly" apart from the mark as shown, and applicant disclaims the right to the exclusive use of the design of a jelly bean apart from the mark as shown but applicant waives none of its common law rights in the mark shown in the drawing or any feature thereof.

Ser. No. 288,833, filed Dec. 8, 1980.

JERRY L. PRICE, Primary Examiner

JESSIE N. MARSHALL, Examiner

EXHIBIT 1
Page 2 of 2



# THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

March 08, 2005

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,232,091* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *March 22, 1983*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM  *March 22, 2003*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *JELLY BELLY CANDY COMPANY*
   *A CALIFORNIA CORPORATION*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

P. SWAIN
Certifying Officer

EXHIBIT 2
Page 1 of 2

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 1,232,091
Registered Mar. 22, 1983

## TRADEMARK
### Principal Register



Herman Goelitz Candy Co., Inc. (California corporation), a.k.a. Herman Goelitz Inc.
947 - 61st St.
Oakland, Calif. 94608

For: CANDY—NAMELY, JELLY BEANS, in CLASS 30 (U.S. Cl. 46).
First use Jul. 15, 1976; in commerce Jul. 15, 1976.
Owner of U.S. Reg. No. 1,132,333.
No claim is made to the exclusive right to use the word "Jelly", apart from the mark as shown.
The drawing is lined for the colors red and yellow.

Ser. No. 288,834, filed Dec. 8, 1980.

JERRY L. PRICE, Examining Attorney

EXHIBIT 2
Page 2 of 2



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

March 08, 2005

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,836,178* IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM   *April 27, 2004*
SAID RECORDS SHOW TITLE TO BE IN: *Registrant*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

P. SWAIN
Certifying Officer

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,836,178
Registered Apr. 27, 2004

## TRADEMARK
### PRINCIPAL REGISTER



JELLY BELLY CANDY COMPANY (CALIFOR-
NIA CORPORATION)
ONE JELLY BELLY LANE
FAIRFIELD, CA 945336741

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 9-23-2002; IN COMMERCE 9-23-2002.

OWNER OF U.S. REG. NOS. 1,132,333, 2,695,195
AND OTHERS.

THE STIPPLING IN THE DRAWING OF A PRO-
GRESSIVE INCREASE IN DENSITY IS FOR SHAD-
ING PURPOSES ONLY, TO GIVE THE TWO-
DIMENSIONAL JELLY BEAN THE APPEARANCE
OF A THREE-DIMENSIONAL, LIFE-LIKE JELLY
BEAN.

SER. NO. 76-509,827, FILED 4-28-2003.

ALICIA COLLINS, EXAMINING ATTORNEY

EXHIBIT 3
Page 2 of 2



## State of California

### SECRETARY OF STATE

Trademark Reg. No. 62724        Class No. 30        Assignment No. 101441

## CERTIFICATE OF RECORDATION OF ASSIGNMENT OF TRADEMARK

*I, BILL JONES*, Secretary of State of the State of California, hereby certify:

That an in instrument of assignment has been recorded in this office which shows that the TRADEMARK described below has been transferred to the assignee named below:

**Name of Assignee:**    Jelly Belly Candy Company
**Business Address:**    1 Jelly Belly Lane  Fairfield, CA  94533
**Name of Assignor:**    Herman Goelitz Candy Company, Inc.
**Date First Used in California:**    July 16, 1976
**Date First Used Anywhere:**    July 16, 1976
**Description of Trademark:**    "Jelly Belly" with jelly bean design
**Description of Goods on Which the Trademark is Used:**    Candy, namely jelly beans
**Date of Registration:**    January 5, 1981
**Term of Registration Extends to and Includes:**    January 5, 2011

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 21st day of June, 2001



BILL JONES
Secretary of State

NP-24 A (Rev. 1-90)

Exhibit 4 Page 1 of 2



# State of California

## SECRETARY OF STATE

Trademark Reg. No. 62724      Class No. 30      Renewal No. 16579

### CERTIFICATE OF RENEWAL OF TRADEMARK

*I, BILL JONES,* Secretary of State of the State of California, hereby certify:

That an application for renewal has been filed in this office for the TRADEMARK described below:

**Name of Applicant:**   Herman Goelitz Candy Company, Inc.
**Business Address:**   2400 North Watney Way  Fairfield, CA  94533
**Date First Used in California:**   July 16, 1976
**Date First Used Anywhere:**   July 15, 1976
**Description of Trademark:**   "Jelly Belly" with jelly bean design
**Description of Goods on Which the Trademark is Used:**   Candy, namely jelly beans
**Date of Registration:**   January 5, 1981
**Term of Registration Extends to and Includes:**   January 5, 2011

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 31st day of August, 2000



BILL JONES
Secretary of State

Exhibit 1  Page 2 of 2

NP-24 A (Rev. 1-96)





EXHIBIT 5
Page 1 of 1

Int. Cls.: 16 and 30

Prior U.S. Cls.: 38 and 46

**Reg. No. 1,337,901**

# United States Patent and Trademark Office

Registered May 28, 1985

## TRADEMARK
### PRINCIPAL REGISTER



HERMAN GOELITZ CANDY CO., INC. (CALI-
FORNIA CORPORATION), D.B.A. HERMAN
GOELITZ, INC.
947 - 61ST ST.
OAKLAND, CA 94608

FOR: PAPER STICKERS, IN CLASS 16 (U.S.
CL. 38).
FIRST USE 9–30–1983; IN COMMERCE
9–30–1983.
FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 9–30–1983; IN COMMERCE
9–30–1983.
OWNER OF U.S. REG. NOS. 1,203,786, 1,232,091
AND OTHERS.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "JELLY", APART FROM THE
MARK AS SHOWN.

SER. NO. 509,451, FILED 11–19–1984.

HENRY S. ZAK, EXAMINING ATTORNEY

EXHIBIT 6
Page 1 of 1