Karen Vogel Weil (SBN 145,066)
kweil@kmob.com
Brian C. Horne (SBN 205,621)
bhorne@kmob.com
Jonathan A. Hyman (SBN 212,264)
jhyman@kmob.com
Reza Mirzaie (SBN 246,953)
rmirzaie@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1901 Avenue of the Stars, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458
Attorneys for Plaintiff,
JELLY BELLY CANDY COMPANY

Douglas L. Hendricks (SBN 83,611)
DHendricks@mofo.com
Elizabeth O. Gill (SBN 218,311)
EGill@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Attorneys for Defendants
ARAN CANDY LTD. and SWEETSTALL.COM LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JELLY BELLY CANDY COMPANY, a California corporation,<br><br>         Plaintiff,<br><br>      v.<br><br>ARAN CANDY LTD., an Irish corporation, SWEETSTALL.COM LTD., a British corporation, and DOES 1 through 100, inclusive<br><br>         Defendants. | Civil Action No. CV 07-05260 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br><u>Case Management Conference</u><br>Hearing:     March 10, 2008<br>Time:       4:00pm<br>Courtroom: A, 15th Floor<br><br>**The Honorable Marilyn Patel** |

1   Pursuant to the Court's Order of December 28, 2007 and Local Rule 16-9(a), Plaintiff,

2   Jelly Belly Candy Company ("Jelly Belly"), and Defendants, Aran Candy Ltd. and

3   Sweetstall.Com, Ltd. (collectively "Defendants"), hereby jointly submit this Case

4   Management Statement and Proposed Order and request the Court to adopt it as its Case

5   Management Order in this case.

6   Jelly Belly and Aran have attempted, unsuccessfully, to resolve this dispute over the

7   course of the last several years. Since the filing of this lawsuit, the parties have continued

8   their efforts to attempt to resolve this dispute. On December 13, 2007, Defendants stated in

9   writing that they agreed to certain basic settlement terms proposed by Jelly Belly. On January

10  7, 2008, Jelly Belly sent Defendants a draft agreement, and Defendants responded on January

11  17, 2008. While the parties agree in principle on some settlement terms, they have been

12  unable to reach agreement on other terms. Pursuant to Local Rule 7-2, the parties therefore

13  respectfully request that the Court refer the case to a Magistrate Judge for a settlement

14  conference.

15  In addition, as set forth below in more detail, the parties disagree as to whether this

16  Court should now set a schedule for the conduct of this litigation. Jelly Belly believes that,

17  especially because there is no settlement in place and in order to prevent unnecessary delay in

18  the event that a resolution is not reached, the Court should now impose a schedule as proposed

19  below. Defendants, on the other hand, believe that it is premature to set any schedule prior to

20  a settlement conference.

21  **1.    <u>Jurisdiction and Service</u>**

22  This Court has jurisdiction over the subject matter of the federal claims pursuant to

23  28 U.S.C. §§1331 and 1338 and 15 U.S.C. §1121. This Court has jurisdiction over the

24  remaining claims under 28 U.S.C. §1367(a). Venue is proper in this Court pursuant to 28

25  U.S.C. §1391. Defendants do not dispute this basis for jurisdiction. No issues exist with

26  regard to personal jurisdiction or venue as Defendants have waived service of summons and

27  there are no other named parties to be served.

28  / / /

**2.    Facts**

This is a trademark and trade dress infringement case relating to jelly beans.  At issue in this lawsuit are numerous registered and common law trademarks which Jelly Belly contends it owns, including the following:

1.    Jelly Belly's logo  ;

2.    Jelly Belly's menu, which displays the flavors of Jelly Belly's jelly beans on its packaging and in its promotional materials;

3.    Certain names for Jelly Belly jelly bean flavors;

4.    A humanized jelly bean character ⬤ , which Jelly Belly uses on its packaging, advertising and point of sale materials; and

5.    The trade dress of Jelly Belly's jelly beans.

Defendant Aran is also in the candy business and also manufactures jelly beans.  In this case, Jelly Belly has accused Aran of infringing each of Jelly Belly's alleged trademarks identified above.

Defendant Sweetstall.Com Ltd. is an online retailer that sells Aran's products.

Jelly Belly has also sued Aran in the United Kingdom and Canada based on allegations similar to the above.

Defendants dispute that any Aran logo, jelly bean menu on Aran jelly bean packaging, or humanized jelly bean character on Aran jelly bean packaging is confusingly similar to Jelly Belly's logo, menu, or humanized jelly bean character.  Aran further disputes that it is intentionally selling its jelly beans in Aran jelly bean packaging in the United States.

**3.    Legal Issues**

The disputed issues set forth below are not meant to be final or exhaustive, and the parties reserve their rights to reformulate these issues or include other appropriate issues as

/ / /

they develop or become known to the parties through the course of discovery and investigation.

1.    Whether Defendants' acts constitute trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

2.    Whether Defendants' acts constitute false designations or origin, unfair competition, and trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3.    Whether Defendants' acts constitute trademark and trade dress dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

4.    Whether Defendants' acts constitute trademark and trade dress infringement under California Business & Professions Code §14335 and California common law.

5.    Whether Defendants' acts constitute unfair competition under California Business & Professions Code §17200 and California common law.

6.    Whether Defendants' acts constitute false or misleading statements under California Business & Professions Code §17500 and California common law.

7.    Whether Defendants' acts constitute trademark dilution under California Business & Professions Code §14330 and California common law.

**4.    Motions**

There are no prior or pending motions. The parties are evaluating what, if any, motions may be filed in the future.

**5.    Amendment of Pleadings**

Pursuant to the Court's December 28, 2007 Order, the Defendants have not yet answered the complaint. The Defendants' answer is currently due on April 9, 2008. As Defendants have not yet answered the complaint, the parties do not yet know whether the pleadings will need to be amended.

/ / /

/ / /

/ / /

**6.    Evidence Preservation**

Counsel for all parties has given their respective clients document retention instructions for all categories of potentially relevant documents, including electronically-stored information.

**7.    Disclosures**

The parties propose that initial disclosures be made 30 days after the settlement conference.

**8.    Discovery**

To date, the parties have not taken any discovery.  Jelly Belly proposes the following discovery plan:

a.    Jelly Belly expects the parties will agree to entry of a protective order governing documents and information to be disclosed in the course of this litigation.  Jelly Belly expects to serve on Defendants interrogatories, requests for documents and deposition notices.

b.    Jelly Belly does not anticipate proposing any changes with regard to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

c.    Jelly Belly submits that discovery should be conducted in accordance with the limitations set forth in the Federal Rules of Civil Procedure.

d.    Jelly Belly's proposed schedule for completion of discovery is set forth below in Paragraph. 17.

Because the parties have agreed in principle to some settlement terms, Defendants believe it is premature to address the scope of anticipated discovery, limitations or modifications to the discovery rules, or to set a proposed discovery plan prior to a settlement conference.

**9.    Class Actions**

The action is not a class action.

/ / /

/ / /

**10.    Related Cases**

There are two related cases currently pending: Jelly Belly has filed a complaint against Aran in the Federal Court of Canada, on grounds similar to those in the instant case. That case is captioned *Jelly Belly Candy Company v. Aran Candy Ltd.,* Federal Court File No. T-1875-07. Jelly Belly has also filed a complaint on similar grounds against Aran in the United Kingdom, captioned *Jelly Belly Candy Company v. Aran Candy Ltd.,* Particulars of Claim No. HC07C03031. Activity in both cases has been stayed until a settlement conference is held in this case.

**11.    Relief**

Jelly Belly seeks declaratory relief, injunctive relief, an accounting by Defendants, damages, treble damages, exemplary damages, costs, attorney fees, expenses, and an order for the destruction of infringing articles. Because no discovery has yet been taken in this case, Jelly Belly is not able to calculate the amount of its damages at the present time.

Because the parties have agreed in principle to some settlement terms, Defendants believe that it is premature to address the damages demands set forth in Jelly Belly's complaint.

**12.    Settlement and ADR**

The parties have unsuccessfully attempted to resolve their dispute over the last several years. The parties have filed a Notice of Need for ADR Phone Conference. The process that the parties jointly request is that the case be assigned to a judge or magistrate judge for a settlement conference at the earliest opportunity.

**13.    Consent to Magistrate Judge For All Purposes**

Jelly Belly does not consent to a magistrate judge for all purposes. Defendants consent to a magistrate judge for all purposes.

**14.    Other References**

As discussed above, the parties stipulate to a settlement conference. Jelly Belly believes that a case schedule should now be imposed and that the case should not be stayed pending any settlement discussions. Defendants believe that the case should be stayed

pending the settlement conference.  Defendants also believe that if the Court were to decide not to refer the case to a settlement conference, the case would be suitable for reference to voluntary mediation.  In that event, Defendants believe the case should be stayed pending the mediation.

**15.**    **Narrowing of Issues**

At this time, the parties are not aware of any issues that can be narrowed.

**16.**    **Expedited Schedule**

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.**    **Scheduling**

Jelly Belly proposes that the following dates be imposed.  Jelly Belly believes that the proposed schedule will provide the parties with ample time to pursue a settlement conference, while, at the same time, having in place deadlines to insure that the case progresses in the event the parties are unable to reach a resolution.

| | |
|---|---|
| Fact Discovery Cutoff: | 12/10/08 |
| Exchange of Expert Witness Reports on Issues on which the Disclosing Party Bears the Burden of Proof: | 02/01/09 |
| Exchange of Rebuttal Expert Witness Reports on Issues on which the Disclosing Party Does Not Bear the Burden of Proof: | 03/02/09 |
| Expert Discovery Cutoff: | 04/02/09 |
| Last Court Date to File Dispositive Motions | 05/04/09 |
| Last Court Date to File Oppositions to Dispositive Motions | 05/18/09 |
| Last Court Date to File Replies in Support | 06/01/09 |

| | |
|---|---|
| of Dispositive Motions | |
| Last Date for Hearing of Dispositive Motions: | 06/15/09 |
| Final Pretrial Conference Date: | 07/13/09 |
| Trial Date: | 08/03/09 |

Because the parties have agreed in principle to some settlement terms, Defendants believe that it is premature to set any schedule prior to a settlement conference.

**18.    Trial**

The case will be tried by jury.  Jelly Belly expects that the trial will last 7-10 days. Because the parties have agreed in principle to some settlement terms, Defendants believe that it is premature to estimate the length of trial.

**19.    Disclosure of Non-party Interested Entities or Persons**

The Parties have filed the requisite "Certificate of Interested Entities or Persons." Aran's Certification lists Peter Cullen and Richard Cullen as interested persons, and Sweetstall's Certification lists Sally Rimmington and Peter Rimmington as interested persons.  Jelly Belly's Certification lists Lisa Brasher, Becky Joffer, Christopher Rowland, Herman Rowland, Sr., and Herman Rowland, Jr. as interested persons.

/ / /

/ / /

/ / /

1 | **20.**    <u>Other</u>

2      The parties are not aware of any matters, other than those set forth herein, that may

3 facilitate the just, speedy and inexpensive disposition of this matter.

4

5                  Respectfully submitted,

6                  KNOBBE, MARTENS, OLSON & BEAR, LLP

7

8 Dated: 2/29/08      By: _Karen Vogel Weil_

9                  Karen Vogel Weil

10                  Brian C. Horne
                  Jonathan A. Hyman

11                  Reza Mirzaie
            Attorneys for Plaintiff,

12             JELLY BELLY CANDY COMPANY

13

14                 MORRISON & FOERSTER LLP

15

16 Dated: February 29, 2008 By: _Douglas L. Hendricks/eog_

17                  Douglas L. Hendricks
                 Elizabeth O. Gill

18             Attorneys for Plaintiff,
            ARAN CANDY LTD. and SWEETSTALL.COM LTD.

19

20                  **<u>CASE MANAGEMENT ORDER</u>**

21      The Case Management Statement and Proposed Order are hereby adopted by the

22 Court as the Case Management Order for the case and the Parties are ordered to comply with

23 this Order.

24

25

26 Dated:_____    By:_____

27                **THE HONORABLE MARILYN PATEL**

28 4851602_5